UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MCF COMMUNICATIONS BG, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 7-103-B-W |
| | ) | |
| TOWN OF MANCHESTER, MAINE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT OF TELEPHONE CONFERENCE
AND ORDER

I held a telephone conference at Bangor, Maine, on Tuesday, May 6, 2008, commencing at 10:30 a.m. and concluding at 10:55 a.m., with the following counsel participating:

John Osborn, Esq. and Lorelle Dwyer, Esq. for the plaintiff

Stephen Langsdorf, Esq. for the defendants.

I requested this conference with counsel in light of a Motion to Strike Certain Attachments (Docket No. 39) filed by the plaintiff. After preliminary discussion with the parties, it was agreed that counts one and two involved different legal standards. I determined I would reserve issuing a recommended decision on count two until such time as there has been a final order entered with respect to the motion for summary judgment as to count one. As to count two of the complaint, the parties did not disagree with me that pursuant to Second Generation Properties, L.P. v. Town of Pelham, 313 F.3d 620 (1st Cir. 2002), the standard to be applied is whether the Town Board's decision was supported by substantial evidence and this standard is highly deferential to the local board and not subject to determination based upon a traditional summary judgment record. All parties agree that in order to resolve count two the court must

properly have before it both the record of the local board's proceedings and the board's findings of fact and conclusions thereupon.  Therefore, I will grant-in-part the motion to strike (Doc. No. 39) and allow only those items which are not objected to to remain part of the reply to the additional statement of material fact for purposes of the summary judgment motion on count one.  However, the Board's findings of fact, properly authorized, and the complete record of the proceedings have been filed with the court now and will be considered as part of the record when the court takes up count two of the complaint.  After final ruling on the summary judgment motion on count one, the parties will have 10 days to file any additional motions relating to count two, including a motion to supplement the record with further testimony on the issue of bias.  At this juncture I am making no representation that I would allow such supplementation, only that the plaintiff intends to make the request.  The parties understand that my eventual recommended decision as to count two will be a recommendation based upon the substantial evidence standard as applied to the record developed in front of the Board and any additional evidence that I may allow to supplement that record, much as the state court would do in conducting a Rule 80B review of a town planning decision.  Neither Local Rule 56 nor the federal law surrounding normal summary judgment practice will be applicable to the court's review of count two and the procedural vehicle will be akin to a motion for judgment on the administrative record, subject to whatever supplementation I might properly allow.  This does not mean that the Town needs to submit an additional brief as to count two, merely that I will consider the issues raised by count two separately from the issues raised by count one and I will use a different procedural approach, not a summary judgment approach where inferences and disputed facts are viewed most favorable to the nonmoving party.

## CERTIFICATE

    This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

May 7, 2008                          /s/ Margaret J. Kravchuk
                                             U.S. Magistrate Judge